RAWLS, Chief Judge.
This controversy between lessors and lessees arises out of the construction of a written lease. The trial court, after finding no issue of material fact, entered a summary judgment in favor of the lessors, who are plaintiffs-appellees.
On February 13, 1953, the Sperbers leased unimproved property to appellant-defendant, William Tuthill.[1] The lease was for a period of 20 years, and contained the following material provisions:
“4. In the event that the lessees comply with the terms and conditions of this lease, they shall have the right to remove any and all buildings and structures located on the above described premises.
“5. Upon the expiration of this lease, the lessees shall have the right and option to renew said lease for such additional at the same terms as S.F.C. P.A.S.
period as may be agreed upon/betwoen the parties previously agreed upon with this lease. thereto a«d upon term and conditions to he agreed -upon-.-” S.F.C. P.A.S.
Tuthill constructed a building upon the property and conducted a business known as the Museum of Speed. On January 5, 1973, Tuthill notified Sperber of his intention to renew the lease. This action was then instituted by the Sperbers seeking declaratory relief asking the Court to construe the option provision.
The trial court, after finding that there was no genuine issue as to any material fact, entered its summary judgment wherein paragraph five of the lease was construed :
“. to give to the defendant, WILLIAM R. TUTHILL, an option to renew, said Lease for each additional period that the plaintiffs and defendant, WILLIAM R. TUTHILL, might agree upon, and that in the event that the plaintiffs and defendant, WILLIAM R. TUTHILL, were unable to agree upon any additional period, there would be no additional option period and the Lease would therefore terminate on February 13, 1973, and in fact, said Lease, which is the subject matter of this action, did terminate on February .13, 1973
The trial court then granted Tuthill a period of 30 days to vacate the premises.
Tuthill contends: 1) that the trial court misconstrued paragraph five of the subject lease; 2) that a material issue of fact exists; 3) that the trial court should have entertained his equitable defense; and 4) the trial court erred in ordering a forfeiture.
We will not belabor Tuthill’s points on appeal. The written terms of the formal lease speak loud and clear. Tuthill, as lessee, agreed that upon the expiration of the leage that he possessed an option to renew said lease “. . . for such additional period as may be agreed upon. .” It is undisputed that the additional period was not agreed upon, thus the *77 trial court correctly entered the summary judgment appealed. As to forfeiture, the trial court granted equitable relief for 30 days beyond the leasehold period.
The judgment appealed is affirmed.
JOHNSON and MILLS, JJ., concur.

. The initial lessees were Tuthill and Sherman P. Crise. Crise later assigned his interest in the lease to William Tuthill. Appellant Anona Tuthill is William’s wife.